

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELBA GARAGHER,

        Plaintiff,

v.

No. 06 C 1660

FRANK MARZULLO, RUSSELL MARZULLO, RUSSELL MARZULLO, Jr., JERRY MARZULLO, MICHAEL FELLOWS, CHARLES BAUGH, MICHAEL VOKAC, BRIAN MARQUARDT and CITY OF BERWYN,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This case is a companion to No. 06 C 1551, concerning an incident involving Wayne Pesek at the Golden Steer Restaurant in Forest Park, Illinois. Plaintiff Elba Garagher was a bartender at the restaurant who alleges that she attempted to intervene and stop the fight. In the process, she says she was restrained and struck by certain individuals now listed as defendants. Ms. Garagher has filed claims under 42 U.S.C. § 1983 and Illinois law against the City of Berwyn, along with a number of individual defendants. The individual defendants, along with their respective occupations, are Frank Marzullo, Director of Public Safety ("DPS") for the City of Berwyn; Michael Fellows and Michael Vokac, Berwyn police officers;

1

Jerry Marzullo, a Cook County Assistant State's Attorney; Russell Marzullo, Jr. and Brian Marquardt, Berwyn firefighters; and Russell Marzullo, Sr. and Charles Baugh, whose occupations are not listed in the complaint. All of the individual defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6).[1] Although Frank Marzullo filed his motion separately, he adopts the remaining defendants' memorandum of law. For the following reasons, defendants' motions are granted in part and denied in part.

## I. Legal Standard

In assessing defendants' 12(b)(1) and (6) motions to dismiss, I must accept all well-pleaded facts in the complaint as true. *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). I must view the allegations in the light most favorable to the plaintiffs. *Id.*

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983 (1996). To survive a motion to dismiss a § 1983 claim, a plaintiff must allege

---

[1] Garagher's complaint is not identical to Pesek's. Therefore, I have addressed defendants' motions to dismiss Pesek's complaint in a separate Memorandum Opinion and Order.

facts which show that the defendant(s) deprived him of a right secured by the Constitution or any law of the United States and that the deprivation of that right resulted from the defendant(s) acting under color of law. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). Non-state actors may be found to act under color of state law when defendants have conspired or acted in concert with state actors to deprive a person of his civil rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

III. Discussion

Defendants first argue that the entire complaint fails to sufficiently allege "color of law" or a conspiracy under § 1983. However, the complaint specifically alleges all defendants were acting "under color of law and within the scope of his employment" or "in conspiracy and in concert with state actors." *McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000) (conclusory language pleading elements of § 1983 claims is enough to withstand Fed. R. Civ. P. 12(b)(6) scrutiny); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (to plead conspiracy it is enough "merely to indicate the parties, general purpose, and approximate date, so that defendant has notice of what he is charged with"). The complaint provides sufficient factual predicate to put defendants on notice of the specific incident giving rise to Ms. Garagher's claims. *See Lekas v. Briley*, 405 F.3d at 606 (examining notice pleading standard in § 1983 context). The fact that this

incident took place in Forest Park, and not Berwyn, does not defeat these allegations. *See Jimenez v. Herrera*, No. 95 C 1956, 1997 WL 102550, at * 6 (N.D. Ill. Mar. 6, 1997) (off-duty officer outside his jurisdiction could have been acting under color of law); *Davis v. Kirby*, 755 F. Supp. 199, 203 (N.D. Ill. 1990) (same).

Next, defendants argue that counts I-V should be dismissed because the complaint does not detail how the individuals named in those counts (respectively, Frank Marzullo, Fellows, Jerry Marzullo, Russell Marzullo, and Baugh) deprived her of a constitutional right by the use of excessive force. Counts III-V, however, specifically allege Jerry Marzullo, Russell Marzullo, and Baugh "acted in conspiracy and in concert with state actors Frank Marzullo and Michael Fellows" and their conduct "constituted excessive force and effected an unlawful arrest." Co-conspirators are liable for acts taken by fellow conspirators in furtherance of the conspiracy. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) (in a § 1983 case "the function of conspiracy doctrine is merely to yoke particular individuals to the specific torts charged in the complaint"); *United States v. Redwine*, 715 F.2d 315, 322 (7th Cir. 1983) ("conspirator is responsible for the substantive offenses based on the overt acts of his fellow conspirators as long as those acts were done in furtherance or as a natural consequence of the conspiracy"). Accordingly, plaintiff need not allege each individual defendant engaged in the use of

4

excessive force and unlawful arrest in order to state a claim for relief against the co-conspirators listed in counts I-V.

Defendants also argue the plaintiff has not plead the elements of unlawful arrest and excessive force in counts I-V. This argument has merit to the extent both claims are grounded in the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 394 (1989) ("In addressing an excessive force claim brought under § 1983 [our] analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force."). Here, the complaint alleges defendants' conduct "constituted excessive force and effected an unlawful arrest." The Supreme Court and the Seventh Circuit have stressed that "*all* claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment." *Id.* at 395 (emphasis in original); *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 592 (7th Cir. 1997).

In order to bring a § 1983 excessive force or unlawful arrest claim under the Fourth Amendment, a plaintiff must first sufficiently allege that she was seized. See *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) ("The Fourth Amendment covers only "searches and seizures"); *Graham*, 490 U.S. at 388; *Kernats v. O'Sullivan*, 35 F.3d 1171, 1177 (7th Cir. 1994) (to state a Fourth Amendment cause of action plaintiff must prove that defendant's

conduct constituted a seizure and that the seizure was unreasonable). Plaintiff has alleged that she was restrained "from coming to Wayne Pesek's assistance," tossed into a vestibule, and struck by certain defendants.² The complaint does not allege, however, that she was restrained from doing anything else but assisting Pesek. In other words, on the face of the complaint, plaintiff has not alleged anything that would suggest she was not free to walk away or seek other forms of assistance, such as using the telephone to call the authorities or pleading with other patrons at the restaurant for help. *See Tennessee v. Garner*, 471 U.S. 1, 7 (1985) (a seizure occurs "[w]henever an officer restrains the freedom of a person to walk away"); *Kernats*, 35 F.3d at 1177 ("even unreasonable, unjustified, or outrageous conduct by an officer is not prohibited by the Fourth Amendment if it does not involve a seizure") (*citing Carter v. Buscher*, 973 F.2d 1328, 1332 (7th Cir. 1992)). Therefore, to the extent these claims are grounded in the Fourth Amendment, they are dismissed.

Plaintiff's excessive force claim, however, may also be grounded in substantive due process. *Graham* "preserve[s] fourteenth amendment substantive due process analysis for those instances in which a free citizen is denied his or her

---

²In her response, plaintiff argues these facts are enough, but does not provide any legal authority to that effect.

6

constitutional right to life through means other than a law enforcement official's arrest, investigatory stop or other seizure." *County of Sacramento*, 523 U.S. at 844 -45 (*quoting Pleasant v. Zamieski*, 895 F.2d 272, 276 n.2 (6th Cir. 1990)); *see also Schaefer v. Goch*, 153 F.3d 793, 796-97 (7th Cir. 1998); *Wilson v. Northcutt*, 987 F.2d 719, 722 (11th Cir. 1993). In other words, the failure to sufficiently allege a seizure does not automatically bar this claim. *See Schaefer*, 153 F.3d at 796 ("this preference for the more specific provisions of the Fourth Amendment over the 'generalized notion of substantive due process' . . . does not apply unless the actions of the government agents in fact amount to a seizure") (*quoting County of Sacramento*, 523 U.S. at 842-43)); *see also Bender v. Bracke*, No. 99 C 50166, 2002 WL 1611652 (N.D. Ill. July 18, 2002) (Reinhard, J.); *Frye v. Town of Akron*, 759 F. Supp. 1320, 1323-24 (N.D. Ind. 1991). Therefore, to the extent that counts I-V allege an excessive force claim under the Fourteenth Amendment, defendants' motions to dismiss are denied.[3]

---

[3]Distinguishing the constitutional source of an excessive force claim has the practical effect of altering the standard of liability. "A substantially higher hurdle must be surpassed to make a showing of excessive force under the Fourteenth Amendment than under the [Fourth Amendment]." *Darrah v. City of Oak Park*, 255 F.3d 301, 306 (6th Cir. 2001); *Estate of Phillips*, 123 F.3d at 596 (standards of liability may vary "because the Due Process Clause contains a mental component") (citations omitted).

Defendants also move to dismiss counts VII-XIV against Frank Marzullo, Vokac, Fellows, Russell Marzullo, Jr. and Marquardt for failure to protect and/or provide medical care. These counts allege these defendants were acting under color of law. Under *Yang v. Hardin*, 37 F.3d 282 (7th Cir. 1994),

> [a]n officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Id.* at 285. The complaint sufficiently alleges these defendants were present inside the restaurant when plaintiff's excessive force claim began to accrue and were aware of plaintiff's injuries, and yet failed to intervene. This sufficiently alleges claims for "failure to protect" under *Yang*.

With regards to the claims concerning the failure to provide medical assistance, an additional inquiry is necessary. Such claims are not ordinarily recognized, because governmental entities and their personnel "generally have no affirmative constitutional duty to provide medical services to . . . citizens." *Brownell v. Figel*, 950 F.2d 1285, 1289 n. 4 (7th Cir. 1991). However, I find that plaintiff's situation falls within the state-created-danger exception to this general rule. In this case, the complaint

8

alleges plaintiff received her injuries at the hands of the state officers, or their co-conspirators, acting under color of law. *See Regaldo v. City of Chicago,* 40 F. Supp.2d 1009, 1014-15 (N.D. Ill. 1999) (Shadur, J.) (applying state-created-danger exception when plaintiff was beaten by the very police officers who denied him medical care). In *DeShaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189, 201 (1989), the Supreme Court highlighted that the state "played no part in [the] creation" of the dangers faced by the plaintiff. This was not the case here, where plaintiff's injuries were allegedly inflicted by state actors and their co-conspirators. Furthermore, "[i]n a claim . . . based on a state-created danger, there is no absolute requirement that all avenues of self-help be restricted." *Monfils v. Taylor,* 165 F.3d 511, 517 (7th Cir. 1998). Accordingly, the allegations in the complaint sufficiently state claims for failure to render medical care. Therefore, I deny defendants' motions to dismiss counts VII-XIV.

Finally, because I find the complaint sufficiently states some claims under § 1983, defendants' motions to dismiss the remaining Illinois law claims under Fed. R. Civ. P. 12(b)(1) are denied.

III. Conclusion

For the foregoing reasons, defendants' motions to dismiss plaintiff's unlawful arrest claims in counts I-V are granted. To the extent counts I-V articulate an excessive force claim under the

Fourth Amendment, defendants' motions to dismiss are also granted. The remainder of defendants' motions are denied.

**ENTER ORDER:**

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: November 2, 2006