```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

**ELBA GARAGHER,**                )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   No. 06 C 1660
                                  )
**FRANK MARZULLO, RUSSELL**       )
**MARZULLO, RUSSELL MARZULLO,**   )
**Jr., JERRY MARZULLO, MICHAEL**  )
**FELLOWS, CHARLES BAUGH, MICHAEL**)
**VOKAC, BRIAN MARQUARDT and CITY**)
**OF BERWYN,**                    )
                                  )
            Defendants.           )

## MEMORANDUM OPINION AND ORDER

This case is a companion to *Pesek v. Marzullo et. al.*, No. 06 1551, and the Memorandum Opinion and Order entered in that case with respect to the those motions for summary judgment is incorporated herein. Plaintiff Elba Garahger filed multiple claims under 42 U.S.C. § 1983 and Illinois law against the City of Berwyn, along with a number of individual defendants, as a result of an altercation at the Golden Steer Restaurant in Forest Park, Illinois where she worked as a bartender. The individual defendants are Frank Marzullo, Director of Public Safety ("DPS") for the City of Berwyn; Michael Fellows and Michael Vokac, Berwyn police officers; and Russell Marzullo, Sr. Plaintiff alleges that on April 5, 2006, she was restrained and struck by certain defendants when attempting

to assist Wayne Pesek. All of the individual defendants have moved for summary judgment and the City of Berwyn has filed a motion to dismiss count IX of the second amended complaint ("the complaint"). For the following reasons, the individual defendants' motions for summary judgment are granted and the City's motion to dismiss is granted.

I.

The defendants have moved for summary judgment against Garagher on the same grounds as they moved for summary judgment against Pesek. Garagher has simply incorporated the briefs filed by Pesek in her case in opposing their motion. This is quite unhelpful as Garagher's claims are not identical Pesek's; she was not restrained or struck by the same individuals. Therefore, the portions of the Pesek briefs and statement of additional facts that refer to the record are not of assistance to Garagher. To the extent that Garagher did not seek to incorporate Pesek's response to the defendant's statements of fact (which does not, in fact, provide citations to the record with respect to any claims concerning Garagher), these must be deemed admitted under the local rules. In short, Garagher — who is represented by counsel — has failed to provide a single citation to the record (which includes several hundreds of pages of deposition testimony) in opposing the motion for summary judgment as is required under the local rules and this court is mindful that it is not my responsibility to scour

the record for facts in her favor. *See, e.g., Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996) ("It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies.").

At the outset, consistent with this court's Memorandum Opinion and Order issued in *Pesek* and in the absence of any new argument by Garagher, I grant defendants' motion for summary judgment on Garagher's access to court claims. Garagher's access to court claims are the same as Pesek's.

Garagher's excessive force and/or unlawful arrest claims are distinct from Pesek's in that she alleges she was restrained by Russell Marzullo. In her deposition she specifies she was only touched by Russell Marzullo, Sr. This fact is only discernable as it is included in the defendants' own statement of material facts. Plaintiff points to no portion of the record to even dispute whether Russell Marzullo, Sr. was acting at the direction of Frank Marzullo when he allegedly restrained Garagher. The same applies to Garagher's remaining § 1983 claims - she has failed to point the court to the relevant portions of the record which would indicate the existence of a triable issue. In the face of such a glaring omission by plaintiff, I grant defendants' motion for summary

judgment with respect to the remaining § 1983 claims as plaintiff has failed to establish (1) Frank Marzullo caused Garagher to be restrained or struck in any way, i.e., caused a constitutional deprivation; and (2) any of the remaining defendants was acting under color of law or in concert with a state actor with respect to their alleged conduct towards Garagher.

Garagher's remaining claim is a state law assault and battery claim against Russell Marzullo, Sr. I now decline to exercise supplemental jurisdiction over this remaining claim. Therefore, count VII of the complaint is dismissed without prejudice.

## II.

The City of Berwyn has filed a motion to dismiss count IX of the plaintiff's second amended complaint. The motion is unopposed by Garagher and also rendered moot in light of my rulings on the individual defendants' motion for summary judgment.[1]

## III.

For the foregoing reasons, I grant (1) the individual defendants' motions for summary judgment, and (2) the City's motion to dismiss. I also decline to exercise supplemental jurisdiction over the remaining state law claim and dismiss count VII without

---

[1] Nevertheless, count IX was a state law *respondeat superior* claim against the City alleging Frank Marzullo, Michael Fellows, and Michael Vokac were acting as agents of Berwyn and within the scope of their employment when they committed certain torts. However, the complaint did not allege that any of these defendants committed any tort against Garagher and, therefore, these cannot be the basis for liability under a theory of *respondeat superior*.

4

prejudice.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 23, 2008